Filed 11/24/20  P. v. Alequin CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F079263 |
| Plaintiff and Respondent, | (Super. Ct. No. VCF371223) |
| v. | |
| GREGORY ANTHONY ALEQUIN, JR., | **OPINION** |
| Defendant and Appellant. | |

### THE COURT*

APPEAL from a judgment of the Superior Court of Tulare County.  Kathryn T. Montejano, Judge.

Patrick J. Hoynoski, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Levy, Acting P.J., Poochigian, J. and Detjen, J.

## STATEMENT OF THE CASE

On November 29, 2018, an information was filed charging Gregory Anthony Alequin, Jr. (defendant), with second degree robbery involving the personal use of a deadly weapon and personal infliction of great bodily injury (Pen. Code,[1] §§ 211, 12022, subd. (b)(1), 12022.7, subd. (a); count 1) and assault with a deadly weapon involving the personal infliction of great bodily injury (§§ 245, subd. (a)(1), 12022.7, subd. (a); count 2). Defendant was alleged to have suffered two prior serious felony convictions (§ 667, subd. (a)(1)) that were also strikes (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(e)). Count 1, and count 2's great bodily injury allegation, subsequently were dismissed pursuant to section 995.

On April 9, 2019, a jury acquitted defendant of assault with a deadly weapon and the lesser included offense of assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4)), but convicted him of the lesser included offense of misdemeanor simple assault (§ 240). Defendant was placed on summary probation for three years on various terms and conditions, including that he serve 180 days in custody with credit for 180 days served.[2] He was ordered to pay state restitution in the amount of $165, an assessment fee of $30, and a court operation fee of $40. He was also ordered to pay a probation revocation restitution fine of $150, which was suspended pending revocation of probation. The court ordered that a three-year criminal protective order issued October 2, 2018, which covered the victim, be modified to include the location of the offense.

Defendant filed a timely notice of appeal.

---

[1]    All statutory references are to the Penal Code.

[2]    Defendant was also sentenced on several other pending cases. They are not before us on this appeal.

## FACTS

On September 28, 2018, the victim was helping out at his father's market in Visalia when he saw defendant take a pair of sunglasses without paying for them. The victim contacted defendant outside the store, where defendant was sitting on a milk crate with his bicycle nearby. When the victim confronted defendant about stealing the sunglasses, defendant said he bought them at a different store. Defendant said he would not give them back and was going to leave. When he got up, grabbed his belongings, and started to walk his bicycle away, the victim took hold of the bicycle seat to keep defendant from leaving. Defendant swung his bicycle pump and struck the victim in the face. The two then fought for a few seconds. The victim required six stitches in his left eyebrow as a result of being struck with the bicycle pump.

## APPELLATE COURT REVIEW

Defendant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter dated March 6, 2020, we invited defendant to submit additional briefing. To date, he has not done so.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The judgment is affirmed.